NOT FOR PUBLICATION                                                                    CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
DONNA PEPSNY,                 :
                              :
         Petitioner,          :        Civil Action No. 07-5503 (JLL)
    v.                        :
                              :
UNITED STATES OF AMERICA,     :        **OPINION**
                              :
         Respondent.          :
_____:

**LINARES**, District Judge.

      Currently before the Court is Petitioner Donna Pepsny's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Petitioner has also requested an evidentiary hearing due to alleged disputed questions of fact. The Court has considered the parties' submissions. For the reasons set forth below, the Court denies the request for an evidentiary hearing and denies Petitioner's motion.

**Factual and Procedural History**

      Petitioner was charged, along with two co-conspirators, with conspiracy to commit wire fraud and several counts of substantive wire fraud. On May 10, 2001, a jury found Petitioner guilty of the conspiracy charge and five counts of substantive wire fraud. In preparation for sentencing, in a letter dated March 10, 2003, Petitioner's trial attorney, Jerome Ballarato, made eight pages of objections to Petitioner's pre-trial sentencing report ("PSR"). He also included a marked up copy of a few pages of the report indicating additional objections. The PSR was then revised by the U.S. Probation Office; the revised version included an addendum listing the

various objections affecting the guidelines and the Government's responses. Petitioner was sentenced to thirty-seven (37) months in prison, followed by three years of supervised release, and ordered to pay $387,687 in restitution.

Petitioner and her co-defendants appealed their convictions and their sentence. The Third Circuit affirmed Petitioner's conspiracy conviction but reversed the substantive wire fraud convictions because of a defect in the jury charges, United States v. Pepsny, 108 Fed. Appx. 713, 715-16 (3d Cir. 2004); Mr. Ballarato, Petitioner's trial attorney, had objected to the jury charges at trial. The Third Circuit ordered a new trial for the substantive wire fraud charges and remanded the case for resentencing for the conspiracy conviction. Id. at 717. The Government did not retry Petitioner for substantive wire fraud.

Despite the change in charges being considered at resentencing, the sentencing guideline recommended sentence range remained the same. (Answer of the United States to Pet.'s Mot. to Vacate, Set Aside, or Correct her Sentence Under 28 U.S.C. § 2255, Ex. 5, U.S. Probation Memorandum, May 9, 2005.) The original PSR was used for resentencing, updated, in part based on an interview between a probation officer and Petitioner, for "any changes which may have occurred since the completion of the original presentence report." (Id.) At resentencing on July 6, 2005, Petitioner was sentenced to thirty (30) months imprisonment, followed by three (3) years of supervised release, and ordered to pay $387,687 in restitution. This sentence was below the guideline range and lower than what the Government had requested. Her attorneys had requested a non-prison sentence. Petitioner appealed, but the sentence was affirmed. United States v. Pepsny, 187 Fed. Appx. 232, 236 (3d Cir. 2006). Petitioner then filed for a panel rehearing, which was denied. Petitioner was released from prison on December 6, 2007, and is

currently serving the three years of supervised release.

## Motion to Vacate, Set Aside, or Correct Sentence

In the present motion, Petitioner alleges that: (1) she was denied effective assistance of counsel; (2) she was denied a fair trial because the Court did not base its decision on reliable information; (3) her sentence was not fair because the Court "erred in finding that [Petitioner] made no objections to the factual contents in the presentence report;" (4) the Third Circuit erred in finding that the District Court reviewed the entire record; (5) her conviction was obtained through prosecutorial misconduct; (6) the Court erred in deeming the victims "vulnerable victims;" (7) evidence of the criminal records of the government's witnesses should have been heard by the jury; (8) the amount of restitution should be reduced; and (9) she is actually innocent of any crime.  These claims essentially make three broad arguments:  that her trial and appellate attorneys were ineffective, that there were various legal and factual errors and prosecutorial misconduct at trial or on appeal, and that she is actually innocent.  The Court will consider each of these arguments in turn.

### A. Standard of Review

A prisoner in federal custody may file a motion in the trial court challenging the validity of her sentence.  28 U.S.C. § 2255(a).   Pursuant to § 2255, a prisoner shall be released from custody if the sentence (1) "was imposed in violation of the Constitution or laws of the United States;" (2) was imposed by a court that lacked jurisdiction; (3) "was in excess of the maximum authorized by law;" or (4) "is otherwise subject to collateral attack."  Id.  To establish a right to relief, a prisoner must demonstrate that the sentence has a fundamental defect resulting in a complete miscarriage of justice.  See United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004).

Thus, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." Id. (quoting United States v. Addonizio, 442 U.S. 178, 184 (1979)). Additionally, a person on supervised release is deemed to be "in custody" under § 2255. See United States v. Dent, 135 Fed. Appx. 532, 534 (3d Cir. 2005); United States v. Dwumaah, No. 05-cr-157, 2007 U.S. Dist. LEXIS 5821, at *1 (M.D. Pa. 2007).

### B.     Ineffective Assistance of Counsel

Petitioner claims that her counsel was ineffective for two reasons. First, she claims that her attorneys, Mr. Ballarato (trial) and Mr. Catanzaro (appellate), were ineffective because they had a conflict of interest and were not representing her interests. Second, she claims that they made numerous errors throughout the trial and appellate process that prejudiced her.

In order to sustain an ineffective assistance of counsel claim, a petitioner must establish both deficient performance and resulting prejudice. See Strickland v. Washington, 466 U.S. 668, 697 (1984); see also Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005). To establish deficient performance, a petitioner "must show that trial counsel's representation fell below an objective standard of reasonableness considering all the circumstances[,] . . . assessed on the facts of the particular case, viewed as of the time of counsel's conduct." Id. (citation omitted). This standard is a high burden requiring the petitioner to "identify the acts or omissions of counsel that are alleged not to have been the result of professional judgment." Strickland, 466 U.S. at 690. In reviewing any alleged acts or omissions, the strong presumption is that counsel has "rendered adequate assistance" and "made all significant decisions in the exercise of reasonable judgment." Id. Thus, the court must be "highly deferential" in scrutinizing counsel's performance, and make every effort "to eliminate the distorting effects of hindsight." Id. at 689.

The second prong requires a petitioner to show that counsel's unprofessional performance actually prejudiced her defense.  Id. at 687.  The prejudice prong is satisfied if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  If a petitioner cannot demonstrate prejudice, then the court does not have to determine whether counsel's alleged errors were constitutionally deficient.  See id. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

*Conflict of Interest*

A criminal defendant is guaranteed by the Sixth Amendment counsel's "undivided loyalty free of conflict of interest."  Hess v. Mazurkiewicz, 135 F.3d 905, 910 (3d Cir. 1998) (quoting Government of Virgin Islands v. Zepp, 748 F.2d 125, 131 (3d Cir. 1984)).  Therefore, claims of ineffective assistance of counsel based on a conflict of interest are treated differently than a general ineffective assistance claim based on deficient trial performance or strategy.  See id.  If a petitioner establishes that "an actual conflict of interest tainted counsel's performance," prejudice will be presumed.  Id. (citing Strickland, 466 U.S. at 692).  To show an actual conflict existed, a petitioner "must identify a plausible defense strategy that could have been pursued, and show that this alternative strategy inherently conflicted with, or was rejected due to, [the attorney's] other loyalties or interests."  Id.  If no actual conflict is shown, a petitioner must show prejudice.

In this case, Petitioner asserts that her attorneys represented her husband's and not her interests, depriving her of "liberty without an attorney for advice." (Pet'r Reply, at 8, 10.)  For example, she states that "Mr. Ballarotto [sic] ignored me [when I tried to get him to correct the prosecutor's misrepresentations] because my husband's name was not mentioned in the

5

instance." (Id. at 9.) She also asserts that her attorneys wanted her in prison so that she would be silenced. (Id.)

Both of Petitioner's attorneys attest that they were not representing Petitioner's husband in any criminal capacity and that Petitioner's husband involvement with her defense was at Petitioner's request and intended by all to be for her benefit. (See Ballarato Cert. ¶¶ 5, 7-8, 10; Catanzaro Cert. ¶¶ 4, 9.) Petitioner's husband was not a co-defendant in Petitioner's trial, and, in fact, was never a criminal defendant in any case. Mr. Catanzaro represented Petitioner on her appeal, an appeal that was at least partially successful in that five of six conviction counts were reversed and remanded for a new trial and a resentening was ordered for the remaining count. The basis for the reversal was a finding of deficient jury instructions, instructions which Mr. Ballarato objected to at trial, paving the way for her success on appeal. Additionally, at resentencing, her attorneys sought a non-prison sentence. This evidence is completely contrary to Petitioner's assertions. Other than making conclusory statements of her current belief that her attorneys were not representing her interests out of loyalty to her husband, Petitioner has failed to identify any plausible strategy that was not pursued because it conflicted with her husband's interests. Thus Petitioner has failed to show that any actual conflict existed. She also failed to show even a potential of conflict given that there is no credible explanation for how her and her husband's interests were at odds.

*Alleged Trial and Appellate Errors*

Petitioner also asserts that her attorneys made numerous trial and appellate errors. Specifically, she claims that: (1) she made objections to her PSR to her attorneys that were not made known to the court; (2) her trial attorney failed to have her expert witness properly

6

approved and as a result he was not able to testify, depriving her of necessary witness testimony; (3) her appellate attorney did not raise the correct standard of review on appeal; (4) her trial attorney did not request a postponement of the trial which made her unable to assist in her defense due to the health issues of her children; (5) her trial attorney ignored her when she tried to participate in her defense, refusing to read notes that she wrote during the direct examination; (6) her trial and appellate attorneys did not introduce any mitigating evidence at either sentencing; (7) her trial attorney failed to put on any defense, relying instead solely on cross-examination of the prosecution's witnesses; (8) her trial attorney failed to interview any witnesses she suggested; and (9) her trial attorney advised her not to have supporters at trial or sentencing.

With respect to the PSR, this Court finds Petitioner's arguments without merit. Petitioner's trial attorney, Mr. Ballarato, made numerous objections to the initial PSR, which were incorporated into the final PSR. Additionally, for the second sentencing, the original PSR, with the noted objections, was provided to this Court along with a memorandum addendum noting any subsequent changes considered by the U.S. Probation Office. Even if this were not the case, Petitioner fails to identify which additional objections she thought should have been made that would have resulted in a different sentence.

Petitioner has also failed to show prejudice with respect to her attorney's failure to have her expert approved to testify. The district court excluded the expert testimony. The Third Circuit upheld the district court's decision, finding the exclusion harmless. <u>Pepsny</u>, 108 Fed. Appx. at 714.

Petitioner also claims that Mr. Catanzaro, her appellate counsel, failed to provide the

7

proper standard of review on appeal. This argument is also without merit. The Third Circuit specifically held that although the parties disputed the proper standard of review and that Petitioner "neglects . . . to state precisely which standard . . . should apply," the outcome would have been the same regardless of which standard was applied by the court. Pepsny, 187 Fed. Appx. at 235. Thus, it is clear that there was no prejudice to Petitioner, even if her attorney erred.

With respect to the other ineffective assistance claims, which can be broadly grouped together as issues of litigation strategy, this Court also finds Petitioner's arguments without merit. "The authority to make decisions regarding the conduct of the defense in a criminal case is split between criminal defendants and their attorneys." Virgin Islands v. Weatherwax, 77 F.3d 1425, 1433 (3d Cir. 1996). A defendant has the authority to make "fundamental decisions" concerning her defense, such as "whether to plead guilty, to waive the right to trial by jury, to testify in one's own behalf, to take an appeal, or to waive the right to counsel." Id. But, non-fundamental decisions such as "whether and how to conduct cross-examinations, what jurors to accept or strike, [and] what trial motions should be made" are reserved for counsel's discretion. Id. at 1434. Also, some courts recognize "witness selection as being among the non-fundamental decisions that counsel is entitled to make at trial." Id. For these types of non-fundamental decisions, if the "decision has a rational basis, a court is without authority to second-guess counsel's judgment call." Id. at 1436.

Here, Petitioner alleges that she required a postponement of the trial because she was unable to assist in her defense, she also alleges that counsel ignored her when she did try to participate in her defense. Petitioner, therefore, offers contradictory statements of her capability to assist in her own defense at trial. She also fails to explain how her alleged failure to

8

participate in her own defense prejudiced the outcome of her trial. Additionally, Petitioner fails to state with any particularity which additional witnesses should have been called by her counsel and what testimony they could have provided that would create a reasonable probability of a different outcome. Petitioner merely alleges that there are witnesses who had valuable information. On the other hand, Mr. Ballarato states that Petitioner "specifically decided that she did not want to call character witnesses because of other incidents that she was involved with in the past." (Ballarato Cert. ¶ 12.) He also states that it was her decision not to testify on her own behalf after several long discussions weighing the pros and cons of such testimony. (Id.) Finally, Petitioner does not explain how her attorney's advice not to have supporters present during trial, if true, prejudiced the outcome of her case.

Overall, Petitioner's submissions fail to allege specific facts regarding alternative trial strategies or explain how the course of action chosen by her attorneys prejudiced her. Aside from the lack of required specificity, presentation of evidence and witness selection is within the realm of counsel's responsibility at trial and Petitioner has not shown that the lack of such evidence or testimony had an adverse effect on the outcome of her case. Her attorneys were responsible for reversing five of six of the convicted counts and in achieving a lower sentence on resentencing, one that was below the guideline range.

Because Petitioner fails to meet the prejudice prong, the Court need not address Strickland's deficiency prong. However, even if Petitioner could demonstrate the requisite prejudice, the ineffective assistance of counsel claim would nevertheless fail. Her claims of deficient performance suffer from the same lack of specificity, and, even with hindsight, this Court cannot, on the record before it, identify any conduct by her attorneys that would overcome

9

the strong presumption that they exercised reasonable judgment in their trial and appellate decisions.

        **C.**     **Alleged Prosecutorial Misconduct and Court Errors**

Petitioner also seeks relief based on several claims that could have been raised in her first or second appeals. Such claims are procedurally defaulted and not properly raised on a § 2255 motion. See Massaro v. United States, 538 U.S. 500, 504 (2003) ("[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). First, she argues that there was prosecutorial misconduct. Petitioner's co-defendant, Ireme DiFeo, did raise a claim of prosecutorial misconduct in her appeal. This claim was denied by the Third Circuit. Pepsny, 108 Fed. Appx. at 716. Second, she argues that her sentencing was improper because certain named victims should not have been deemed "vulnerable victims." This could have been argued on direct appeal; no new facts have been submitted regarding these victims. Also, she raised the same argument regarding another victim on direct appeal, and it was rejected by the Third Circuit. Pepsny, 187 Fed. Appx. at 236. Third, she argues that the restitution amount should be reduced. Again, this claim should have been raised on direct appeal. Fourth, she argues that the Third Circuit made errors. Such alleged errors could have been addressed in an appeal of that decision, however, she filed no further appeal. She claims that she was "unable to attain her documentation from her attorneys" in time to file the motion. This statement is not sufficient to establish cause or prejudice. Fifth, she asserts that this Court at resentencing erred by stating that her attorneys made no objections to the PSR and that the Third Circuit stated that she did not object to the PSR. This argument is somewhat peculiar given that she also argues that her attorneys did not make objections to the PSR, whereas here it appears

10

that she is arguing that their objections were not recognized by this Court.  In any case, Petitioner misunderstands the sentencing process.  The PSR contained her objections.  The question to her attorneys was whether they had additional objections to the report.  It is not inconsistent that they would offer no further objections.  Finally, the remainder of Petitioner's claims, such as challenging the reliability of witnesses, are not appropriate for review because they involve the veracity or weight of evidence, matters considered by the jury.

>   D.   **Actual Innocence**

Finally, Petitioner claims that she is innocent.  To establish actual innocence, "a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence not presented at the trial."  Furnari v. United States Parole Comm'n, 531 F.3d 241, 251 (3d Cir. 2008).  Additionally, the demonstration of actual innocence is only a gateway claim, allowing for the consideration of an otherwise defaulted claim; it is not a constitutional claim upon which relief may be granted.  See House v. Bell, 547 U.S. 518, 536-37 (2006).

Here, Petitioner has not produced any new *evidence* not presented at trial.  What she calls new evidence is her recent discovery of the alleged conflict of interest of her attorneys.  As discussed above, her conflict claim is without merit, and in any case is not evidence of her innocence.  Her other assertions supporting her claim of innocence are facts known at trial.  For example, she argues that "she was unfamiliar with the subprime mortgage industry and received inadequate training and that she relied on others."  Therefore, this Court finds that Petitioner has not met the high burden of demonstrating actual innocence.

**Request for an Evidentiary Hearing**

"Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto . . . ." 28 U.S.C. § 2255. However, a hearing is not always necessary. See, e.g., Brown v United States, 556 F.2d 224, 227 (3d Cir. 1977) (holding that no hearing was necessary where no new evidence was submitted that was not known to the defendant and counsel at trial).

As discussed above, Petitioner has come forward with no new evidence to support her assertions. Her petition is vague and conclusory. Therefore, this Court denies her request for an evidentiary hearing, finding that the record in this case conclusively shows that she is not entitled to relief under 28 U.S.C. § 2255.

**Conclusion**

For the reasons discussed above, Petitioner's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 is denied. An appropriate order accompanies this opinion.


Date:  November 24, 2008                        /s/ Jose L. Linares
                                                Jose L. Linares
                                                United States District Judge